IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Smith, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| -vs- ) | *(jury demand)* |
| ) | |
| City of Chicago, Chicago Police ) | |
| Officer M.M. Conway, #14005, ) | |
| Chicago Police Officer J.J. Dillon, ) | |
| #17331, and Chicago Police Officer ) | |
| Brownfield, #15752, ) | |
| ) | |
| *Defendants*, ) | |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. Section 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 and 28 U.S.C. Section 1367.

2. Plaintiff Christopher Smith is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation.

4. Defendants M.M. Conway, #14005, and J.J. Dillon, #17331, and Brownfield, #15752, were at all times relevant acting under color of their office as Chicago police officers.

5. On October 4, 2012, a Chicago police officer, whose name is presently unknown to plaintiff, entered into the "CHRIS Investigative alert application system" a record that plaintiff was the subject of an "investigative alert."

6. On or about October 5, 2012, one or more of defendants Conway, Dillon, and Brownfield, acting without a warrant, entered plaintiff's dwelling and placed him under arrest.

7. The "CHRIS Investigative alert application system" is implemented by an express policy of the City of Chicago and is routinely applied by Chicago Police officers as authorizing warrantless home entries.

8. One or more of defendants Conway, Dillon, and Brownfield applied the "CHRIS Investigative alert application system" policy in entering plaintiff's dwelling without a warrant.

9. The "CHRIS Investigative alert application system" policy is unconstitutional insofar as it is applied to authorize, warrantless home entries.

10. Defendants Conway, Dillon, and Brownfield did not, at the time they arrested plaintiff, have probable cause to believe that plaintiff had committed an offense.

11.     After arresting plaintiff, one or more of defendants Conway, Dillon, and Brownfield fabricated evidence to cause plaintiff to be charged with an offense.

12.     In addition to fabricating evidence, one or more of defendants Conway, Dillon, and Brownfield concealed and misrepresented to the Office of the States' Attorney of Cook County that they had entered plaintiff's dwelling without consent, exigent circumstances, or other lawful authority.

13.     Defendants undertook the above described wrongdoing to cause plaintiff to be charged with an offense.

14.     As the direct and proximate result of defendants' wrongdoing, plaintiff was charged with felony offenses and held at the Cook County Jail until he was acquitted on May 2, 2013.

15.     As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

16.     Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that compensatory damages in an amount in excess of one hundred thousand dollars be awarded against

defendants and that punitive damages in an amount equal to six months salary be awarded against defendants Conway, Dillon, and Brownfield.

        /s/ <u>Kenneth N. Flaxman</u>
          KENNETH N. FLAXMAN
          ARDC No. 830399

          Joel A. Flaxman
          200 S Michigan Ave Ste 201
          Chicago, IL 60604-2430
          (312) 427-3200
          *Attorneys for Plaintiff*