IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Smith, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -*vs*- | ) | No. 14-cv-07718 |
| | ) | |
| City of Chicago, Chicago Police | ) | *(Judge Andrea R. Wood)* |
| Officer M.M. Conway, #14005, | ) | |
| Chicago Police Officer J.J. Dillon, | ) | |
| #17331, and Chicago Police Officer | ) | |
| Brownfield, #15752, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MOTION TO APPOINT SPECIAL ADMINISTRATOR
## FOR DECEASED PLAINTIFF

Plaintiff, by counsel, moves the Court to appoint Mary Smith as Special Administrator of the Estate of Christopher Smith, her deceased son, to lift the stay of discovery, and to permit the filing of the amended complaint attached as Exhibit 1.

Grounds for this motion are as follows:

1. Christopher Smith filed this lawsuit on October 2, 2014.

2. On November 30, 2015, the Court stayed discovery because a pending criminal case against Mr. Smith would prevent him from responding to deposition questions.

3. Mr. Smith died on September 1, 2019.

4. Mr. Smith's Section 1983 claims survive his death.

5.	Mary Smith is the mother of Mr. Smith and has expressed a willingness to continue this suit for the benefit of her son's heirs.

6.	An estate has not been opened for Mr. Smith, whose assets at the time of his death were limited to this cause of action.

7.	Mr. Smith was never married. His mother is living but his father predeceased him. Mr. Smith left one living sibling and two minor children.

8.	The Seventh Circuit held in *Anderson v. Romero*, 42 F.3d 1121 (7th Cir. 1994) that a federal court has the power to appoint a special administrator to continue the prosecution of a Section 1983 action, as long as that action survives the death of the plaintiff.

9.	The Court of Appeals applied *Anderson* in *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014) and in *Gilliam v. City of Chicago,* 7th Cir. No. 17-1679, December 6, 2017.

10.	Several district judges have also applied *Anderson* in cases where the plaintiff died during the pendency of a Section 1983 case. *Elizarri v. Sheriff*, 17-cv-8120, ECF No. 73 (Durkin, J.); *Lepinay v. City of Chicago,* 16-cv-10695, ECF No. 27 (Feinerman, J.); *Gray v. Village of Riverdale,* 16-cv-4856, ECF No. 17 (Bucklo, J); *Medved v. Butkovic,* 09-cv-3699, ECF No. 16 (Gottschall, J.); *Smentek v. Sheriff,* 09-cv-529, ECF No. 484 (Lefkow, J.).

11. Defendants oppose this motion to the extent that the proper probate orders have not yet been issued under the circumstances.

12. The City of Chicago agreed to appointment of a special administrator without the entry of any orders by a probate court in *Gilliam v. City of Chicago,* 7th Cir. No. 17-1679, December 6, 2017 and *Lepinay v. City of Chicago*, 16-cv-*10695*, ECF No. 27 (Feinerman, J.). Plaintiff attaches copies of those orders as Exhibit 2 and 3, respectively.

13. Plaintiff's proposed Amended Complaint is attached as Exhibit 1. In addition to substituting Mary Smith as plaintiff, the amended complaint removes two defendants and conforms the complaint to the evidence adduced in discovery.

It is therefore respectfully requested that the Court appoint Mary Smith as special administrator of the Estate of Christopher Smith, lift the stay of discovery, and permit Ms. Smith to file the attached amended complaint.

Respectfully submitted

/s/ <u>Joel A. Flaxman</u>
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiff*

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mary Smith as Special Administrator of the Estate of Christopher Smith, <br><br> *Plaintiff*, <br><br> -vs- <br><br> City of Chicago and Chicago Police Officer Brownfield, #15752, <br><br> *Defendants*. | ) ) ) ) ) 19-cv-3091 ) ) ) *(Judge Wood)* ) ) ) ) ) ) ) |

## AMENDED COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1367.

2. Plaintiff Mary Smith prosecutes this action pursuant to court order as the Special Administrator of the Estate of Christopher Smith.

3. Defendant City of Chicago is an Illinois municipal corporation joined in this action as the potential indemnitor.

4. Defendant Craig Brownfield #15752 was at all relevant times acting under color of his office as a Chicago police officer. Plaintiff sues Brownfield in his individual capacity.

Exhibit 1        Page 1

5. On October 3, 2012, defendant Brownfield and other Chicago police officers searched a residence in the 9300 block of South Harper in Chicago, Illinois.

6. Brownfield and the other officers claim to have found a firearm during the search of the apartment.

7. At all relevant times, Brownfield and the other officers did not have a reasonable basis to believe that plaintiff's decedent had been in possession of the above described firearm.

8. Following the search, Brownfield and the above-described officers fabricated evidence, thereby causing plaintiff to be subsequently held in custody and prosecuted for an offense. The fabricated evidence includes:

    a. Brownfield and the other officers prepared police reports containing the false statement that the residence's leaseholder had told the officers that he had seen plaintiff's decedent with the firearm the officers claim to have found;

    b. Brownfield and the other officers prepared police reports containing the false statement that the residence's

    leaseholder had told the officers that plaintiff's decedent was in possession of another firearm; and

  c. Brownfield and the other officers prepared police reports containing the false statement that the residence's leaseholder had told the officers that the brother of plaintiff's decedent had been shot and killed recently and that plaintiff's decedent stated he knew who did it and that he would take care of it himself.

9. Plaintiff's decedent was arrested on October 5, 2012. Plaintiff does not challenge the legality of the October 5th arrest.

10. Following his arrest on October 5, 2012, and as the direct and proximate result of the fabricated evidence described above, plaintiff's decedent was held in custody until he was acquitted on May 2, 2013.

11. As a result of the foregoing, plaintiff's decedent was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

12. Plaintiff hereby demands trial by jury.

-4-

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against defendant Brownfield and that defendant City of Chicago be ordered to indemnify any award of compensatory damages against Brownfield.

          /s/ <u>Kenneth N. Flaxman</u>
              KENNETH N. FLAXMAN
              ARDC No. 830399
              Joel A. Flaxman
              200 S Michigan Ave Ste 201
              Chicago, IL 60604-2430
              (312) 427-3200
              *Attorneys for Plaintiff*

Exhibit 1      -4-      Page 4

**Exhibit 2**

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

December 6, 2017

Before

ILANA DIAMOND ROVNER, *Circuit Judge*

| No. 17-1679 | GERALDINE GILLIAM, Special Administrator for ROBERT GANT, Plaintiff - Appellant<br><br>v.<br><br>CITY OF CHICAGO, et al., Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:13-cv-06231<br>Northern District of Illinois, Eastern Division<br>District Judge Thomas M. Durkin ||

Upon consideration of the **MOTION TO APPOINT SPECIAL ADMINISTRATOR AND TO STAY BRIEFING,** filed on December 1, 2017, by counsel for the appellant,

**IT IS ORDERED** that the motion is **GRANTED** to the extent that Geraldine Gilliam will serve as the special administrator in substitution for appellant Robert Gant.

**IT IS FURTHER ORDERED** that briefing is **SUSPENDED** pending further court order. The parties shall file a status report by January 5, 2018, or within seven days of any agreement by the parties to resolve the case or resume briefing.

form name: **c7_Order_3J**(form ID: **177**)

Exhibit 2                                                                                                 Page 1

**Exhibit 3**

Case: 1:16-cv-10695 Document #: 27 Filed: 06/29/17 Page 1 of 1 PageID #:52

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2**
**Eastern Division**

Andre Lepinay

                Plaintiff,

v.                                   Case No.: 1:16–cv–10695
                                                Honorable Gary Feinerman

City of Chicago, et al.

                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, June 29, 2017:

      MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 7/26/2017 at 9:00 a.m. The parties shall file a status report by 7/13/2017. Motion to appoint special administrator [22] is granted. The Court appoints Sharon Harris as Special Administrator of the Estate of Andre Lepinay. The Clerk shall substitute Sharon Harris, Special Administrator of the Estate of Andre Lepinay, for Andre Lepinay as the party plaintiff.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.