## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY SMITH, as Special Administrator of the Estate of Christopher Smith, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:14-cv-07718 |
| v. | ) ) | Honorable Andrea Wood |
| The CITY OF CHICAGO and Chicago police officer CRAIG BROWNFIELD, Star No. 15752, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, City of Chicago (City) and Craig Brownfield, by and through one of their attorneys, Jordan F. Yurchich, Assistant Corporation Counsel, hereby submit the following Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Jury Demand. In support thereof, defendants state as follows:

### INTRODUCTION

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1367.

**ANSWER**:    Defendants admit this action arises under 42 U.S.C. § 1983 and that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1367, but deny that they engaged in the misconduct or other wrongdoing alleged herein.

2.      Plaintiff Mary Smith prosecutes this action pursuant to court order as the Special Administrator of the Estate of Christopher Smith.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

3.      Defendant City of Chicago is an Illinois municipal corporation joined in this action as the potential indemnitor.

**ANSWER:**      Defendants admit the allegations contained in this paragraph, but deny any allegations of misconduct or other wrongdoing as alleged herein.

4.      Defendant Craig Brownfield #15752 was at all relevant times acting under color of his office as a Chicago police officer. Plaintiff sues Brownfield in his individual capacity.

**ANSWER**:      Defendants admit the allegations contained in this paragraph, but deny that they engaged in the misconduct or other wrongdoing alleged herein.

5.      On October 3, 2012, defendant Brownfield and other Chicago police officers searched a residence in the 9300 block of South Harper in Chicago, Illinois.

**ANSWER:**      Defendants admit the allegations contained in this paragraph.

6.      Brownfield and the other officers claim to have found a firearm during the search of the apartment.

**ANSWER:**      Defendants admit a firearm was found during the search of the apartment.

7.      At all relevant times, Brownfield and the other officers did not have a reasonable basis to believe that plaintiff's decedent had been in possession of the above described firearm.

**ANSWER**:      Defendants deny the allegations contained in this paragraph.

8.      Following the search, Brownfield and the above-described officers fabricated evidence, thereby causing plaintiff to be subsequently held in custody and prosecuted for an offense. The fabricated evidence includes:

**ANSWER**:      Defendants deny the allegations contained in this paragraph.

a.    Brownfield and the other officers prepared police reports containing the false statement that the residence's leaseholder had told the officers that he had seen plaintiff's decedent with the firearm the officers claim to have found;

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

b.    Brownfield and the other officers prepared police reports containing the false statement that the residence's leaseholder had told the officers that plaintiff's decedent was in possession of another firearm; and

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

c.    Brownfield and the other officers prepared police reports containing the false statement that the residence's leaseholder had told the officers that the brother of plaintiff's decedent had been shot and killed recently and that plaintiff's decedent stated he knew who did it and that he would take care of it himself.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

9.    Plaintiff's decedent was arrested on October 5, 2012. Plaintiff does not challenge the legality of the October 5th arrest.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

10.    Following his arrest on October 5, 2012, and as the direct and proximate result of the fabricated evidence described above, plaintiff's decedent was held in custody until he was acquitted on May 2, 2013.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

11.    As a result of the foregoing, plaintiff's decedent was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

12. Plaintiff hereby demands trial by jury.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

WHEREFORE, Defendants, City of Chicago and Sergeant Craig Brownfield respectfully request that judgment be entered in their favor and against plaintiff in this matter on all counts, including for costs for defending this suit, and any other relief this Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. Sergeant Brownfield is a government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Sergeant Brownfield could have believed his actions were lawful in light of clearly established law based on the information that he possessed. Sergeant Brownfield, therefore, is entitled to qualified immunity as a matter of law.

2. To the extent plaintiff's decedent failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff's decedent had a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff's decedent by the jury in the case.

3. Sergeant Brownfield cannot be held liable for plaintiff's 42 U.S.C. § 1983 claims unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. To the extent plaintiff asserts a federal malicious prosecution claim, such a claim is not cognizable. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015); *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001); *Stone v. Wright*, 734 Fed. Appx. 989 (7th Cir. 2018); *Manuel*

*v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) ("there is no such thing as a constitutional right not to be prosecuted without probable cause").

5.     Sergeant Brownfield is absolutely immune from civil liability for any testimony given in judicial proceedings in the underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42 (1998); *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995).

6.     To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (West 2012).

7.     To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2012).

8.     To the extent any employee of the City was acting within the scope of his employment, that employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (West 2012).

9.     The City is not liable to plaintiff for any federal claims for which its employees are not liable to plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

10.     The City is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by plaintiff. 745 ILCS 10/2-102 (West 2012).

11.     To the extent plaintiff brings a state law claim, the City is not liable if its employees or agents are not liable. 745 ILCS 10/2-109 (West 2012).

12. To the extent plaintiff brings a state law claim, under the Illinois Tort Immunity Act, in that defendants were acting under color of law, defendants are not liable for any of the claims alleged because their actions were based upon the information and circumstances known to defendants at the time, and were discretionary decisions for which they is immune from liability. 745 ILCS 10/2-201 (2018).

13. To the extent plaintiff brings a state law claim, the City is not liable to pay attorney's fees as the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

14. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff's decedent, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff's decedent by the jury in this cause. At the time of the actions alleged in plaintiff's complaint section 2-1116 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1116 (West 2012)) was in effect and reduces plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the plaintiff's decedent is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

15. To the extent plaintiff brings a state law claim, under the Tort Immunity Act, Sergeant Brownfield is not liable for any claim for punitive damages because a public official is not liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or

quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third

party. 745 ILCS 10/2-102 (West 2012); *Reese v. May*, 955 F. Supp. 869, 873 (N.D. Ill. 1996);

*Golden v. Village of Glenwood*, No. 14 C 7247, 2015 WL 1058227, *3-5 (Mar. 6, 2015).

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.

Respectfully submitted,

On behalf of defendant CRAIG BROWNFIELD

*/s/ Jordan F. Yurchich*
JORDAN F. YURCHICH
Attorney No. 6307379

On behalf of defendant CITY OF CHICAGO

*/s/ Marques Berrington*
MARQUES BERRINGTON
Attorney No. 6320300

Allison Romelfanger, Assistant Corporation Counsel Supervisor
Maria Magginas, Assistant Corporation Counsel
Jordan F. Yurchich, Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-1625
*Attorneys for Sergeant Brownfield*

Jonathan Green, Assistant Corporation Counsel Supervisor
Marques Berrington, Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-6995
*Attorneys for the City of Chicago*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on **January 2, 2020**, I submitted with the Clerk for the Northern District of Illinois using the Court's electronic filing system or CM/ECF **Defendants Answer to Plaintiff's Amended Complaint with Affirmative Defenses and Jury Demand**, and thereby provided a copy of same by service to all attorneys of record.

BY:    */s/ Jordan F. Yurchich*
         JORDAN F. YURCHICH
         Assistant Corporation Counsel
